■ WILLIAM A. SATURNO, Appellant, v ELEANOR YANOW, Respondent.—Order unanimously affirmed, without costs. Memorandum: On February 16, 1971 plaintiff was involved in an automobile accident in the City of Rochester. He served a summons upon defendant on December 29, 1971 and defendant appeared on January 10, 1972. On March 16, 1972 a complaint was served demanding damages for personal injury in the sum of $50,000 and on March 27, 1972 an answer was interposed which contained a general

denial and a counterclaim for $650 property damage. Since August 30, 1972, according to an affidavit made by plaintiff's attorney in support of this motion, plaintiff knew that he was totally disabled as a result of the automobile accident. On October 28, 1974, eight months after the Statute of Limitations had run on his cause of action, plaintiff moved for leave to amend his complaint by increasing the *ad damnum* clause to $1,500,000 and by adding a derivative claim on behalf of his wife in the sum of $75,000. Special Term granted permission to increase the *ad damnum* clause but denied the request to add a derivative claim on the ground that it was an entirely new and independent cause of action and that, in any event, it was barred by laches. The record shows that plaintiff was aware of the full extent of his injuries for more than two years before permission was sought to include in the complaint his wife's derivative claim. Accordingly, we think Special Term properly found plaintiff guilty of laches and correctly denied leave to amend the complaint to include a derivative claim for plaintiff's wife *(Kell v Henderson,* 26 AD2d 595; *Jones v 416 Pleasant Ave. Holding Corp.,* 280 App Div 774; *Jennings v Perkins,* 277 App Div 1143). (Appeal from order of Monroe Special Term in automobile negligence action.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.